GEORGE T. WHITE, ADMINISTRATOR OF DICKERSON, Defendant in Error, v. J. P. H. GRAY *et al.*, Plaintiffs in Error.

*Instruction.*—The Supreme Court will not decide upon the sufficiency of the evidence to warrant an instruction unless all the evidence be preserved in the bill of exceptions.

*Issues.*—The jury are properly instructed to disregard all evidence not pertinent to the issues presented by the pleadings.

*Error to Moniteau Circuit Court.*

This was a suit commenced in the Moniteau Circuit Court, at its September term, 1859, by the defendant in error, for

the recovery of certain bricks, under the statute for the claim and delivery of personal property.

Defendant answers and denies the taking of any of plaintiffs' bricks, claims them as his property, and asks the court to render judgment in his favor for the return of the brick taken from him by the sheriff, and for damages. There was evidence on the part of the plaintiffs tending to show that they (plaintiffs) had purchased from one George W. Graves seven or eight sizes of a certain brick-kiln, near the town of California. There was also evidence tending to show that defendant had hauled some bricks from said kiln.

The defendant introduced evidence tending to show that he (defendant) had purchased of said Graves the whole of the brick-kiln above mentioned; also, evidence tending to show that defendants had purchased brick from James V. Allee, whose yard was seven or eight miles from California, and that that was the pile of bricks taken by the sheriff from the defendants as the property of plaintiff.

Plaintiff then asked the following instructions, among others, which were given by the court against the objection of defendants :

1. If the jury believe from the evidence that the defendants, or either of them, took and carried away the bricks of plaintiff, mentioned in his petition, they must find for the plaintiff the value of the bricks so taken, deducting therefrom the value of the 4,856 that were returned to him by the sheriff; and the jury may also find for the plaintiff damages for the taking of the brick—not, however, to exceed the sum of fifty dollars.

2. Defendants having admitted in their answer that the sheriff delivered to plaintiff 4,856 of the brick claimed by the plaintiff in his petition, the jury will exclude from their consideration all the testimony offered by defendants tending to show that the said brick were not the brick mentioned and claimed in the petition of plaintiff.

The court then, of its own motion, gave the following instruction, which was objected to by the defendants :

" The court instructs the jury that if they believe from the evidence that the brick taken from the defendants in this case by the sheriff did not belong to plaintiff, they will find for the defendants, and assess the value of the brick so taken, and also the damages the defendants have sustained for the taking and detention thereof, unless they find the facts to be as stated in the first instruction of the plaintiff."

The defendants then asked the following instruction, which was refused by the court:

" If the jury believe from the evidence that the brick taken from the defendants in this case by the sheriff did not belong to plaintiff, they will find for the defendants, and assess the value of the brick so taken, and also the damages the defendants have sustained for the taking and detention thereof."

*Smith*, for plaintiff in error.

I. The court erred in giving the first instruction asked by the plaintiff, because the evidence does not warrant it. If the defendants did *not* take and carry away plaintiff's brick, yet, under that instruction, he would retain the 4,856 delivered to him by the sheriff.

II. The court erred in giving the second instruction asked by the plaintiff, because there is no such admission in defendants' answer as alleged in said instruction.

III. The instruction given by the court is improper.

IV. The court erred in refusing the instruction asked by the defendant. This instruction is not only borne out by the evidence, but covers every point in the case intended to be covered by plaintiff's first instruction, without its objection.

*G. T. White*, for defendant in error.

I. The court below did not err in giving the instructions asked for plaintiff, because defendants, in their counter-claim, ask for the rendition of the brick that plaintiff claimed in his petition ; and, when we go to the proof, we find that the brick claimed by plaintiff were the brick made by Graves, and not

the brick made by Allee. Hence, it was improper to permit defendants to prove, under the pleadings, that the sheriff delivered brick taken from a kiln that plaintiff had no claim upon. The proof must not vary from the pleadings.

II. The court below also properly refused the instruction asked by defendants, because, under it, the jury would have been required to lose sight of the brick that plaintiff claimed, and that were not returned by the sheriff, and to find for the defendants, if they believed that the sheriff returned the wrong brick; by which plaintiff would have been mulcted in the costs, and would not have recovered the value of the brick that defendants had converted to their own use, so that the sheriff could not return them to him.

III. Counter-claims have to be set up with the same precision as in a petition. In the form given in the R. C. 1855, p. 1620, No. 15, and which was adopted by an act of the legislature, the value of the thing claimed must be set out. Besides, the third clause of the first section of the Practice Act, p. 1242, expressly says that the party claiming the possession of property shall set out its actual value.

IV. The bill of exceptions does not purport to recite the whole of the evidence; and this case not being brought here by appeal, this court cannot now determine whether the court below erred in refusing a new trial or not. (Searcy v. Devine, 4 Mo. 626; Hays v. Ellison, 5 Mo. 110; Foster v. Newlin, 4 Mo. 18.)

V. The statute expressly prohibits this court from reversing the judgment of any court, unless it shall believe that error was committed against the plaintiff in error, and materially affecting the merits of the action, which cannot be said to be the case here. (R. C. 1855, p. 1300 & 34.)

As this case now stands, this court has but to look to the petition and answer to see that the court below did not err in giving plaintiff's last instruction. The question of variance between the answer and the proof having been clearly raised upon the presentation of this instruction, it then devolved upon defendants to ask leave to amend; and, failing

to do so, they cannot now complain of the rulings of the court below. (Blair v. Corby, 29 Mo. 480, 486; 21 How. U. S. 346.)

VI. A defendant is not permitted to introduce evidence to support a defence not set up in his answer. (28 Mo. 82, 471, 357, 576.)

The defendants did not, in the instruction asked and refused, ask a return of the property taken or its assessed value, as the statute requires, and hence could not complain at the instruction being refused; and any irregularity that may have been in the verdict is no cause for setting it aside. (Hohenthal v. Watson, 28 Mo. 361.)

The defendants could not complain at the refusal of the court below to give their instruction, because it was really given, though in a different form, it being in substance contained in the first instruction of plaintiff. (Maston v. Fanning, 9 Mo. 302.)

This court will not grant a new trial on the ground that the verdict is against the weight of evidence. (Jones v. Plummer, 29 Mo. 456; 28 Mo. 248.)

VII. If there was any irregularity in the verdict, the defendants should have moved to arrest judgment; a motion for a new trial will not reach a defect of this sort. (Davidson v. Peck, 4 Mo. 438; Griffin v. Samuel, 6 Mo. 50; Finney v. State, 9 Mo. 624.)

A mere informal or irregular entry of the judgment by the clerk is no ground for remanding a cause for a new trial. If the judgment is irregular, this court has the power to enter a proper one. (See R. C. 1855, p. 1156—13th & 14th cl. of § 19, and § 20; 1 Mo. 110, 133, 220; 4 Mo. 443.)

The statute pointing out no precise form for the rendition of either a verdict or judgment in this sort of action, is one strong ground for permitting this verdict to stand; the merits of the case have been tried, and no one is injured by the form of the verdict. (See Dilworth v. McKelvey, 30 Mo. 155.)

The defendants are not injured by the informality of the

verdict or judgment, and hence they cannot complain of errors in regard to either. (See Baldwin v. Dillon, 30 Mo. 431; R. C. 1855, p. 1256, § 19, cl. 13.)

The plaintiff has the choice of taking either the property or its value, and had a right to make known that choice in the form of an instruction. (See Pope v. Jenkins, 30 Mo. 528.)

Bates, Judge, delivered the opinion of the court.

The only complaint made of error in the court below is in the giving and refusal of instructions.

The only objection made to the first instruction given for the plaintiff is that it was not warranted by the evidence. Of this we cannot judge, as the bill of exceptions does not purport to give all the evidence.

The second instruction given for the plaintiff, though not very clearly expressed, contains a correct proposition, and was doubtless properly understood by the jury; at any rate, we see no error in it sufficient to authorize a reversal.

The instruction prayed by the defendant and refused, was in effect given by the court in its own instruction.

Judgment affirmed. Judges Bay and Dryden concur.